48 305
146s 337

## Graybeal et al. v. Gardner et al.

1. *Mental Capacity of Deceased Testator.*—Where the testimony upon the mental capacity of a deceased testator is voluminous and conflicting, and sufficient evidence appears to support the finding of the jury, it will not be disturbed.

2. *Instruction Assuming Facts.*—An instruction which assumes that a testator signed a will where the bill alleges that he executed the instrument claimed to be his will, the attesting witnesses testified that he signed it, and the fact that he did so is in nowise disputed, can not be regarded as erroneous.

3. *Misconduct of Jurors—Use of Intoxicating Liquors.*—Where, upon a motion for a new trial, the court is satisfied from the affidavit read that none of the jurors drank liquor in sufficient quantity, or at such times during the progress of the trial as to affect the verdict, a new trial will not be granted.

Memorandum.—Bill in chancery to contest a will. Appeal from a decree of the Circuit Court of Fulton County, dismissing the bill; the Hon. JEFFERSON ORR, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

## Appellants' Statement of the Case.

This was a bill filed by appellants in the Circuit Court to set aside the will of Harrison Putnam, who died June 18, 1891. The will was executed April 8, 1890, and was presented to the County Court for probate, and probate refused. On appeal to the Circuit Court, it was admitted to probate.

The bill alleged that said Harrison Putnam was not of sound mind and memory at the time of the execution of the alleged will, and an issue was submitted to the jury as follows:

"Was the paper propounded as the last will and testament of Harrison Putnam, deceased, the last will of said testator or not?"

The jury returned a verdict in favor of defendants, and appellants moved for a new trial, which being denied, a decree was entered dismissing the bill, from which appellants prosecute this appeal.

*Copy of the decree appealed from :*

"The court having heard the arguments of counsel, and being fully advised in the premises, doth find that the said will has been proven to the satisfaction of the court. It is therefore ordered, adjudged and decreed that said will and testament be and the same is duly probated, etc. * * *

Jefferson Orr, Judge."

## Appellants' Brief.

The definition of competency is quoted approvingly by the Supreme Court of this State in Campbell v. Campbell, 130 Ill., at page 467, from Lord Kenyon: "Having that degree of recollection about him that would enable him to look about the property he had to dispose of, and the persons to whom he wished to dispose of it, if he had a power of summoning up his mind so as to know what his property was, and who those persons were that then were the objects of his bounty, then he was competent to make his will." Applying this definition, was Harrison Putnam at the time this paper purporting to be his last will was

executed, capable of recollecting the property he was about to bequeath, the manner of distributing it, and the objects of his bounty? Stevens v. Vancleve, 4 Wash. C. C. 262; Harrison v. Rowan, 3 Wash. C. C. 385; Hall v. Hall, 18 Ga. 40; McMasters v. Blair, 29 Penn. St. 398.

"Something more is required than a mere passive memory. There must be an active power to collect and retain the elements of the business to be performed for a sufficient time to perceive their obvious relations to each other." Converse v. Converse, 21 Vt. 168.

On adjournment over Sunday, two jurors borrowed a horse and wagon from the attorney of prevailing party to go home. This was held to be cause of reversal. Ensign v. Harney, 15 Neb. 330.

It has been held, drinking liquor by jury of their own procurement would not, *per se*, invalidate the verdict. But see Jones v. State, 13 Tex. 168; Davis v. State, 35 Ind. 496; Ryan et al. v. Harrow et al. 27 Iowa, 494.

That the courts will guard against the appearance of evil, and set aside a verdict where there might be room for suspicion, see Cottle v. Cottle, 6 Greenleaf, 140; Knight v. Inhabitants of Freeport, 13 Mass. 218; Pool v. C., B. & Q. R. R. Co., 6 Fed. Rep. 844; People v. Gray, 61 Cal. 164.

Any association of any kind by either party, or the counsel of either party, to a cause on trial, with any one of the jurymen, is calculated to give rise to suspicion and uncertainty as to the fairness of the verdict. The sense of obligation for a favor received is a subtle emotion, and often unconsciously dominates the faculties. It is better that a juryman rest under no obligation to either of the parties upon whose rights he is called upon to adjudicate. M. & O. R. R. Co. v. Davis, 130 Ill. 146; Bonnet v. Glattfeldt, 120 Ill. 166; Martin v. Morelock, 31 Ill. 485; Lyons v. Lawrence, 12 Brad. 531; Stafford v. City of Oskaloosa, 57 Iowa, 748; Doud v. Gutherie, 13 Brad. 653.

H. W. MASTERS & SON and GRAY & WAGGONER, solicitors for appellants.

APPELLEES' BRIEF.

A will can not be impeached for the injustice or impropriety of its provisions. Kimball v. Cuddy, 117 Ill. 213. A testator of sound mind and memory, has a right to leave his estate to whom he pleases. Freeman v. Easily, 117 Ill. 322; Schneider v. Manning, 121 Ill. 385; Anderson v. Irwin, 101 Ill. 411.

Where there is a conflict in the testimony touching the facts upon which the validity of the will depends, this court will not reverse the decree of the lower court, if the evidence of the successful party, when considered alone, is clearly sufficient to sustain the verdict. Moyer v. Swygart, 125 Ill. 262; Long v. Long, 107 Ill. 210; American Bible Society et al. v. Price, 115 Ill. 623.

Affidavits of jurors can not be used to impeach their verdict, except in a case where a part of the jurors swear that they never consented to the verdict, but the affidavits of jurors may be used for the purpose of supporting their verdict. Smith v. Eames, 3 Scam. (Ill.) 76; Forrester v. Guard, Breese (Ill.) 74; Martin v. Ehrenfels, 24 Ill. 189; Allison v. The People, 45 Ill. 37; Reed v. Thompson, 88 Ill. 246; Peck v. Brewer, 48 Ill. 55; Baldwin v. Smith, 82 Ill. 162; Pope v. The State, 36 Miss. 121; State v. Sparrow, 3 Murph. (Tenn.) 487; Richardson v. Jones, 1 Nev. 405; Wilson v. Abrahams, 1 Hill (N. Y.) 207; Dennison v. Collins, 1 Cow. (N. Y.) 111; Thompson's Case, 8 Gratt. (Va.) 637; Purinton v. Humphries, 6 Greenl. (Me.) 379; Commonwealth v. Roby, 12 Pick. (Mass.) 496; Rowe v. State, 11 Humph. (Tenn.) 491; Stone v. State, 4 Humph (Tenn.) 27; Gilmanton v. Ham, 38 N. H. 108 (overruling State v. Bullard, 16 N. H. 139); United States v. Gilbert, 2 Sumn. 83; Davis v. The People, 19 Ill. 77; Russell v. State, 53 Miss. 368; Roman v. State, 41 Wis. 312; State v. Canfield, 23 La. 146; Van Buskirk v. Daugherty, 44 Iowa, 42 (overruling Ryan et al. v. Harrow et al., 27 Iowa, 494); State v. Upton, 20 Mo. 397; Duke of Richmond v. Wise, 1 Ventr. 125; Perry v. Baily, 12 Kan. 539; Wilson v. Abrahams, 1 Hill (N. Y.), 211; O'Neill v. Keokuk, etc., Ry. Co., 45 Iowa, 546; Kee v. The

State, 28 Ark. 155; Koehler v. Cleary, 23 Minn. 325; C., M. & St. P. R. R. Co. v. Kreuger, 23 Brad. 643; Stampofski v. Steffens, 79 Ill. 303; C. E. & I. R. R. Co. v. Holland, 13 N. E. Rep. 145.

"A new trial will not be granted where the evidence of the party having influenced the jury is slight." McCausland v. McCausland, 1 Yeates (Pa.), 372; Moore v. Edminston, 70 N. C. 471.

Verdicts in contested will cases stand on the footing of verdicts at law, on application for new trials. Shevalier v. Seager, 121 Ill. 566; American Bible Society v. Price, 115 Ill. 630.

Although there may be trivial errors in some of the instructions given, a verdict will not be set aside, which manifestly does justice between the parties. Phœnix Ins. Co. v. La Pointe, 17 Ill. App. 250; Murry et al. v. Haverly et al., 70 Ill. 318; Reynolds v. Greenbaum, 80 Ill. 416; Wiggins Ferry Co. v. Higgins, 72 Ill. 518; Stickle v. Otto, 86 Ill. 161; Race v. Oldridge, 90 Ill. 250; Mansfield v. Moore, 124 Ill. 136.

D. Abbott and Grant & Chiperfield, solicitors for appellees.

Opinion of the Court, the Hon. Carroll C. Boggs, Judge.

This was a bill in chancery filed by the appellants to contest the will of Harrison Putnam, deceased. Probate of the will had been refused by the County Court but was granted by the Circuit Court on appeal.

The bill alleged that the appellants were grandchildren of the testator but not named as legatees or otherwise in the will, and charged that the deceased was not of sound mind or memory when the will was executed. The issue as to the mental capacity of the testator was made by the pleading and submitted to a jury, tried, and a verdict that the deceased was of sound and disposing mind, returned; a decree dismissing the bill followed, from which this appeal.

The admission in evidence of the decree of the Circuit

Court admitting the will to probate is assigned as for error; that the Circuit Court did so adjudicate is averred by the appellants in their bill. Without an averment of the probate of the will the bill would have had no standing in court. The decree showing its probate did not prove more than the appellants admitted to be true.

We perceive nothing in the wording of the decree bearing upon the issue of fact submitted to the jury, and think its admission harmless, whether proper or not.

The testimony as to the mental capacity of the deceased is voluminous, and of course conflicting. We are satisfied from an examination of the record that there is sufficient proof to support the finding of the jury. .

It is complained that the instruction given for the appellees assumes that the testator signed the will. The bill alleges that the deceased executed the instrument claimed to be his will. That he signed it, was proven by the two attesting witnesses, Walker and Kriske, and that fact is in no wise disputed or questioned. The assumption of fact conceded by the pleading and established by proof, without contradiction, can not be regarded as erroneous or hurtful.

The jury were, we think, correctly instructed as to the mental capacity and soundness of mind requisite to the making of a valid will; and also as to upon whom the burden of proof rested.

The modification of instructions No. 4 and 5, asked by appellants, was proper, and the instruction that was refused ought not, we think, have been given. It is argumentative and suggestive, and contains nothing that ought to have been given that is not found, substantially, in other given instructions.

One of the grounds upon which a new trial was asked, and which is urged as ground of reversal, is the alleged misconduct of two of the jurors. The misconduct charged is that two of the jurors, at times when court stood adjourned at the noon hour or over night, upon one or more of the several days during which the trial of the case was in progress, drank spirituous liquors furnished by relatives of some of the

appellees. It is not claimed that liquor was drunk by any juror in the court or jury room, or while deliberating upon a verdict, or that either juror was at any time intoxicated to any noticable extent, or even to any extent.

The suspected jurors denied, under oath, the charge against them, and many affidavits pro and con were presented and read to the court.

It is manifest from the number of these affidavits that the court encouraged a thorough investigation and that the parties were diligent in searching for and producing affidavits. The unsatisfactory nature of proofs made by *ex parte* affidavits is universally recognized, and is well exemplified in the case by the second affidavit of R. L. Bocock, taken by the appellees, in which he states that there are in his first affidavit, presented by the appellants, quite a number of errors and mistakes of facts, and recitals directly to the contrary of what he intended to state.

The presiding judge patiently heard and considered all that was presented, and arrived at the conclusion that the offense charged against the jurors was not proven.

We have also carefully read these affidavits and are fully satisfied that neither of the jurors drank liquor in sufficient quantity or at such time during the progress of the trial as to at all affect the verdict. Such liquors as they did drink were drunk at times when the court stood adjourned upon one or more of the several days during which the trial was in progress, and not at a time the effect of the liquor could have been felt by the jurors when considering of the verdict. There is no ground for a reasonable suspicion that the drinking clouded or in the least affected the mind of either of the jurors. The proofs as to who furnished the liquor, and whether the jurors knew from whence it came, was contradictory and by no means satisfactory. The trial judge held that the alleged misconduct was not proven.

Upon a question of this kind we think the discretion of the trial judge is largely involved. His opportunities for arriving at a correct conclusion as to the acts and motives of the jurors and the parties are so much better than ours

can be that we do not feel warranted in saying that he was wrong. We think it clear from the evidence that the will in question was the will and wish of the testator and that he was competent to make a valid will. And in short, that the decree is right upon the merits, and we find no error of law which seems to us to demand its reversal. It is affirmed.